UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

IVIS COLÓN VÁZQUEZ, et al.,

    Plaintiffs,

v.

DEPARTMENT OF EDUCATION OF PUERTO RICO, et al.,

    Defendants.

Civil No. 3:14-cv-01644 (JAF)

### **OPINION AND ORDER**

This matter is before the court on Defendants' motion for reconsideration filed pursuant to Fed. R. Civ. P. 59(e). (Docket No. 115.)  For the following reasons, Defendants' motion is DENIED.

**I.**

### **Standard of Review**

Within twenty-eight days from the entry of judgment, a party may move under Fed. R. Civ. P. 59(e) to alter or to amend a judgment. *Vaqueria Tres Monjitas, Inc. v. Comas-Pagan*, 772 F.3d 956, 958 (1st Cir. 2014). A motion for reconsideration should be granted sparingly, *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006), upon a showing that "the original judgment evidenced a manifest error of law, [ ] there is newly discovered evidence, or in certain other narrow situations." *Global Naps, Inc. v. Verizon New England, Inc.*, 489 F.3d 13, 25 (1st Cir. 2007).[1]

---

[1] Contrary to Puerto Rico Rules of Civil Procedure, 32 LPRA App. V, R. 47, the Federal Rules of Civil Procedure do not have a separate rule covering the subject of reconsideration. Reconsideration in Federal court is an inherent power of the court not regulated by a specific rule. Any motion seeking the reconsideration of a judgment is considered as a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e).

## II.

## Analysis

The DOE requests this court to reconsider its decision granting Plaintiffs' request for a permanent injunction (Docket No. 86) on three grounds:

1. The court wrongly refused to determine the method to be used for calculating reimbursement amounts for future transportation costs;

2. The court's continuing involvement is not necessary since the IDEA provides regulations and procedures for Plaintiffs to utilize in the event that the DOE disregards the IDEA again; and

3. The court's continuing involvement, and the permanent injunction, is not necessary since each of Plaintiffs' demands has been satisfied.

**A.   Transportation Costs**

Previously, this court declined to resolve the parties' dispute over the proper method for calculating future transportation costs.  Defendants take issue with the court's warning that "[a]lthough the court need not reach the issue because Plaintiffs have currently been paid in full, the record certainly suggests that the lack of an appeal from the DOE would result in the law of this case being that the Public Service Commission rates should be utilized for all future calculations."

The rate for reimbursement of the transportation costs incurred by Plaintiffs was decided by the administrative judge and not appealed by the DOE.  Accordingly, this court found that the administrative judge's decision would not be disturbed.  The court will not review the method for calculating future transportation costs until such costs become a matter of controversy.

**B.   Necessity of a Permanent Injunction**

Next, the DOE argues that the court has exceeded its jurisdiction by issuing the permanent injunction. The court disagrees. Throughout both the procedural history of this matter and in matters involving other plaintiffs, the DOE has demonstrated time after time that it does not respect the administrative proceedings or their resolutions. Moreover, the court has grave concerns about the DOE's respect for judicial orders. *See, e.g. Rosa Lydia Vélez et al. v. Department of Education*, Superior Court, San Juan, Case #KPE1980-1738 (804).

The court stands behind its previous declaration of the necessity to maintain court oversight in the matter of ECC:

> The court recognizes its limited role in the overall enforcement of the provisions of the IDEA. That is to say, there are many steps that must be taken and hurdles that must be overcome before a district court may intervene and order relief. At the same time, the court is mindful of the fact that ECC will have only one childhood, only one education. As such, there comes a point in time where the administrative regulations and the DOE's repeated failures actually thwart the underlying purpose of the IDEA. The facts surrounding ECC not only meet that standard, but they far exceed it. As has been done in many Title VII cases in which past discrimination has been shown, the court intends to retain jurisdiction over ECC and her educational needs through her time of graduation. The time has come for direct, continuous court oversight, as it is apparent that only the threat of direct contempt from this court can persuade the DOE to fulfill its legal obligations. As such, the above-detailed injunctive relief shall repeat as necessary from year to year until the time of ECC's high-school graduation. At that time, the court will relinquish jurisdiction over ECC and the DOE.

(Docket No. 86 at 13.)

The DOE attempts to satisfy the court's concerns for ECC's "wellbeing and uninterrupted academic services" by arguing that the provisions of the IDEA present remedies and guidelines for yearly revisions of IEP's.  The IDEA, however, existed prior to this lawsuit. Despite this, the DOE consistently failed to abide by the IDEA and forced Plaintiffs to seek assistance through the administrative complaint process, and then this court, on more than one occasion, before providing ECC with the free appropriate public education to which she is entitled.  The DOE's jettison of the principles and requirements of the IDEA is precisely why this court must remain involved.

**C.     Mootness**

The DOE argues that the court's requirement that the nutritionist provide monthly reports regarding compliance with ECC's diet is burdensome to the Commonwealth's resources.  Previously, the court required the nutritionist to visit the School and submit a report to the court no less than three times per month. (Docket No. 33 at 29.)  The court considered the Commonwealth's resources and the DOE's apparent current compliance with ECC's diet when it eliminated two of the monthly visits.  Prior to the week of the hearing in this case, the nutritionist had **never** visited the School.  This court firmly believes that absent direct court involvement and consistent oversight, the DOE will quickly slide back into its previous habits.  One site visit per month by the nutritionist strikes the court as **necessary**, indeed not burdensome, in order to ensure compliance with the dietary needs of students.

The court denies the remainder of the motion to reconsider the court's denial of the DOE's mootness argument for the reasons set forth in Docket No. 86.

## III.
## Conclusion

For the reasons set forth above, Defendants' Motion for Reconsideration is **DENIED**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 13th day of January, 2015.

S/José Antonio Fusté<br>
JOSE ANTONIO FUSTE<br>
U. S. DISTRICT JUDGE