UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

IVIS COLÓN VAZQUEZ, et al.,

    Plaintiffs,

v.

COMMONWEALTH OF PUERTO RICO, et al.,

    Defendants.

Civil No. 3:14-cv-01644 (JAF)

# **O R D E R**

## **I.**

## **Introduction**

Plaintiffs brought this action under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400–1482, which "obligates school districts to furnish a free appropriate public education . . . to children with disabilities." *Maine School Administrative District No. 35 v. Mr. R.*, 321 F.3d 9, 11 (1st Cir. 2003). Ivis Colón-Vázquez, personally and on behalf of her minor child, ECC, moves the court for attorneys' fees and costs in connection with the underlying suit.

## **II.**

## **Law and Analysis**

Initially, Plaintiffs requested $30,880 in attorneys' fees ($20,570 for Attorney Juan Rafael González-Muñoz and $10,310 for Attorney Juan Nieves-González), and $4,303.71 in costs and litigation expenses ($2,579.35 for costs recoverable under 28 U.S.C. § 1920 and $1,724.36 for additional litigation expenses). (Docket Nos. 102 and 103.)

IDEA provides that "the court, in its discretion, may award reasonable attorneys' fees" to a prevailing party. 20 U.S.C. § 1415(i)(3)(B)(i). Defendants do not dispute that Plaintiffs are "prevailing parties" within the meaning of § 1415(i)(3)(B)(i). Defendants seek downward adjustments of $3,517.50 to the requested attorney fees for Attorney Juan Rafael González-Muñoz and $1,455.80 to the requested attorney fees for Attorney Juan Nieves-González. Defendants do not object to the reasonableness of the hourly rates. Plaintiffs agreed to adjust Attorney Nieves' fee request to $8,854.20 ($10,310 minus Defendants' adjustment of $1,455.80). (See Docket No. 124 at 2.) Additionally, Defendants dispute $1,644.36 of the additional litigation expenses, which represent costs incurred for translation expenses.

Accordingly, the court must decide 1) whether the certified translation expense requested by Plaintiffs is recoverable under 42 U.S.C. § 1988 and 20 U.S.C. § 1415(i)(3)(C); and 2) whether to adjust Attorney González's attorney fee request.

**A.  Certified Translation Expense**

In *Taniguchi v. Kan Pacific Saipan, Ltd.*, the Supreme Court held that "compensation of interpreters" as used in 28 U.S.C. § 1920 "is limited to the cost of oral translation and does not include the cost of document translation." 132 S.Ct. 1997, 2000 (2012). Following *Taniguchi*, the First Circuit found that the expense incurred for the translation of documents into English of exhibits to motion for summary judgment could not be taxed as costs under 28 U.S.C. § 1920. *Davila–Feliciano v. Puerto Rico State Ins. Fund*, 683 F.3d 405, 406 (1st Cir. 2012). Relying on *Dávila-Feliciano*, Defendants argue

that the court should not award $1,644.36 in costs incurred for the translation into English of certain written documents.

Plaintiffs, however, do not rely on 28 U.S.C. § 1920. Instead, Plaintiffs argue that the translation of documents is a litigation expense allowed under 42 U.S.C. § 1988 and 20 U.S.C. § 1415(i)(3)(C). The court agrees with Plaintiffs that *Taniguchi* does not apply to this request for costs.

Expenses that are not deemed "costs" within the meaning of 28 U.S.C. § 1920 may be recovered by the prevailing party where such costs are a part of attorneys' fees under the typical federal fee-shifting statute. *Attrezzi, LLC v. Maytag Corp.*, 436 F.3d 32, 43 (1st Cir. 2006). The court finds that transcription costs may be classified as reasonable out-of-pocket expenses normally billed to the client and, therefore, may be included in costs awarded to a prevailing party under §1988. *See Poy v. Boutselis*, 352 F.3d 479, 490 (1st Cir. 2003) (citation omitted).

Here, the translations were necessary for Plaintiffs to present their case. The court ordered the transcription of one set of documents by the court's interpreter and translator. The court ordered Plaintiffs to pay this cost, also stating that it would certify the expense as recoverable costs in the event that Plaintiffs prevailed. (See Docket No. 28.) The remaining documents were significantly related to Plaintiffs' motion for summary judgment and were reviewed and relied on by this court in forming its opinion. Accordingly, this court finds that the certified translation costs incurred by Plaintiffs were reasonable out-of-pocket expenses that may be included in costs awarded to them as the prevailing party under §1988.

**B.     Attorney Fee Adjustment**

"A reasonable fee typically is determined through the lodestar method, which involves multiplying the number of hours productively spent by a reasonable hourly rate to calculate a base figure." *Torres-Rivera v. O'Neill-Cancel*, 524 F.3d 331, 336 (1st Cir. 2008) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "In fashioning the lodestar, a district court may adjust the hours claimed to eliminate time that was unreasonably, unnecessarily, or inefficiently devoted to the case." *Id.* (citing *Hensley*, 461 U.S. at 434, 103 S.Ct. 1933. "[A] district court may deem an expenditure of time unreasonable if the reported hours are "excessive, redundant, or otherwise unnecessary." *Id.* Additionally, a court may adjust the hours to account for time records that are "too generic" causing them to be "insufficient as a practical matter to permit a court to answer questions about excessiveness, redundancy, and the like." *Id.*

Defendants seek a downward adjustment of $3,517.50 to the requested attorney fees for Attorney Juan Rafael González-Muñoz. In support of the adjustment, Defendants provide a chart listing objections to ten time entries: Six objections for "block billing", two objections for work claimed by the attorney that could have been done by a paralegal, one objection for excessive time spent on a task, and one objection to counsel's request for fees incurred for legal research and drafting on a matter "not related to the case". (See Docket No. 114-1.) The court notes that these objections were contained in a chart and not elaborated on in any manner by Defendants in their opposition brief.

Case 3:14-cv-01644-PAD   Document 134   Filed 02/26/15   Page 5 of 6
Civil No. 3:14-cv-01644 (JAF)                                                    -5-

The court has reviewed Defendants' objections and counsel for Plaintiffs' time entries and finds no merit to all but one of the objections.[1]  Counsel for Plaintiffs' time entry on December 11, 2014, relating to research for a motion for consolidation and referral to U.S. Magistrate Judge is not related to this case.  Defendants' objection is sustained.

Plaintiffs' counsel billed 5.2 hours on December 11, 2014, for "Legal Research re: reassignment of cases; referral to US Magistrate; Motion for Consolidation; draft and file Motion for Consolidation and Informative Motion."  On December 11, 2014, Plaintiffs' counsel moved to consolidate two additional matters with this case.  (Docket No. 98.) Having closed this matter on December 5, 2014, this court retained jurisdiction only to enforce the injunction and determine the attorney fees and costs' request.  The court denied counsel's request to consolidate on January 5, 2015. (Docket No. 117.)

In that motion, Plaintiffs' counsel sought to consolidate with this case two other cases brought against the Department of Education.  Plaintiff Ivis Colón-Vázquez and her minor child ECC are not plaintiffs in either of the other two cases. Instead, those cases involved relief sought on behalf of other persons allegedly wronged by the Department of Education in a manner similar to this case.  The court finds that the motion to consolidate was not related to this case and that Plaintiffs' counsel could not bill Plaintiffs for the time spent in researching or drafting the motion to consolidate.  Accordingly, the 5.2 hours spent on the legal research and drafting of the motion on December 11, 2014, are

---

[1] The court has reviewed the contentions related to block billing, alleged "paralegal work," and excessive time.  The court finds no basis to reduce the sought fees based on these objections.

not reasonable out-of-pocket expenses normally billed to the client and, therefore, may not be included in costs awarded to a prevailing party under § 1988. Plaintiffs' fee award is adjusted by $1,300.

## III.

## Conclusion

For the reasons set forth above, Plaintiffs' motion for attorneys' fees (Docket No. 102) is **GRANTED IN PART**; Plaintiffs' motion for costs and litigation expenses (Docket No. 103) is **GRANTED**. Plaintiffs are hereby awarded $28,124.20 in attorneys' fees ($19,270 for Attorney Juan Rafael González-Muñoz and $8,854.20 for Attorney Juan Nieves-González), and $4,303.71 in costs and litigation expenses, for a total of $32,427.91. Defendants shall remit payment to Plaintiffs **within fourteen (14) days of this Order**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 26th day of February, 2015.

S/José Antonio Fusté  
JOSE ANTONIO FUSTE  
U. S. DISTRICT JUDGE